IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REVISION SKINCARE, LLC,   CASE NO.

    Plaintiff,

vs.

GULF COAST MEDICAL GROUP, LLC d/b/a
Skinmedix, and AARON KOZOL,

    Defendants.

                                                      /

**COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT
AND DEMAND FOR JURY TRIAL**

Plaintiff Revision Skincare, Inc. ("Revision") respectfully states the following for its Complaint against Defendants Gulf Coast Medical Group, d/b/a Skinmedix ("Skinmedix") and Aaron J. Kozol ("Kozol") for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, unfair and deceptive trade practices, and unfair competition.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Revision Skincare is a limited liability company, organized under the existing laws of the state of Delaware, with its principal place of business located in Irving, Texas. Revision's sole member is Revision Holdings, Inc., a Delaware corporation.

2. Upon information and belief, Defendant Gulf Coast Medical Group LLC, doing business under the fictitious name "Skinmedix," has been a limited liability company existing under the laws of the State of Florida with its principal place of business in Naples, Florida, which was administratively dissolved effective September 23, 2016 for failure to timely file its annual report. On information and belief, Defendant Gulf Coast Medical Group has continued

active business operations under the Skinmedix name, through its website www.skinmedix.com, despite its dissolution.

3. Upon information and belief, Defendant Kozol is a natural person residing in Naples, Florida. Upon information and belief, Mr. Kozol is the sole member of Skinmedix and owns and operates the website Skinmedix.com.

4. Defendants sell Revision Skincare products on the Internet on the website www.skinmedix.com, and possibly others, in violation of Revision's trademarks.

5. The Court has federal question jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 because this is a civil action that arises under the Constitution and laws of the United States; the provisions of 28 U.S.C. § 1338 because this is a civil action arising under an Act of Congress relating to trademarks; and the provisions of 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

6. In addition, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. The Court has supplemental jurisdiction over the state-law claims of Revision pursuant to the provisions of 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over the parties because Defendants reside and do business in the State of Florida and this judicial district.

9. Venue is proper in this district and this division because Defendants reside and do business in this judicial district.

10. Revision has retained the services of the undersigned law firm and has agreed to pay the firm reasonable attorneys' fees and costs in connection with this matter.

## FACTUAL ALLEGATIONS
### Revision Skincare and Its Trademarks

11. Revision develops and sells high-end, professionally dispensed and endorsed skin care products, including a number of well-known and highly-regarded products such as Nectifirm, Intellishade, D.E.J. Eye and Face creams and many others. The Revision brand derives much of its value from the company's carefully selected and trained network of authorized skincare professionals and its best-in-class warranty return policy, both of which contribute significantly to enhancing Revision's position as a premium brand and ensuring a high level of customer care, product authenticity and satisfaction with Revision and its products.

12. Revision devotes a significant amount of time, energy, and resources toward protecting the value of its brand, products, name, and reputation. Each product is packaged in a manner in which the Revision brand is prominently featured and identifiable. Revision makes its products available exclusively to authorized distributors, each of which is carefully vetted before being accepted as a Revision distributor and is subject to rigorous requirements with respect to product knowledge, instruction, handling and care. Because the market for premium skincare products is highly competitive, assuring quality and customer satisfaction in all respects is critical to maintaining Revision's standing in the marketplace.

13. Revision has registered several trademarks with the United States Patent and Trademark Office with respect to its brand and products (collectively the "Revision Trademarks"), including: Trademark number 5001342 (covering "Revision Skincare" entire product line); number 3143528 (specifically related to Revision's "Nectifirm" product); number 5028911 (specifically related to Revision's "D.E.J. Eye Cream" product; number 5028912 (specifically related to Revision's "D.E.J. Face Cream" product); number 5001643 (specifically

related to Revision's "Retinol Complete" product); and number 3674517 (specifically related to Revision's "Lumiquin" product).

14. The registration for each of the Revision Trademarks is valid and in full force and effect. Further, pursuant to 15 U.S.C. § 1065, the Revision Trademarks serve as conclusive evidence of Revision's ownership of the marks and of its exclusive rights to use the marks in commerce and in connection with the sale and distribution of Revision products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

15. Revision actively uses and markets all of the Revision Trademarks in commerce.

16. Due to the quality and exclusive distribution of Revision's products, the Revision Trademarks have substantial value.

17. Due to the professional grade of its products, Revision exercises strict quality control over the production and distribution of its skin care products. Each product contains a universal product code ("UPC"), batch code, and date affixed to the packaging or container of the product, to enable Revision to track its products in the marketplace, ensure quality control and protect the end-user experience for its valued customers.

18. Beyond the state-of-the-art products themselves, Revision also provides additional important benefits in connection with all of its authorized product sales in order to assure absolute customer satisfaction and to protect the value of its brand and trademarks. Revision provides customers that purchase its products through legitimate chains of distribution with a 100% money-back guarantee in the event customers are dissatisfied for any reason, even after opening and using the product. This guarantee is an essential component of the Revision Skincare brand.

19. Additionally, Revision helps maintain its quality control by limiting the sale of its products to authorized distributors (the vast majority of which are physicians or other licensed health care professionals) and a limited number of other carefully vetted, selected, trained and monitored entities. Revision provides detailed product information sheets and instructions, as well as in-person training sessions taught by Revision's highly-trained customer service team, to its authorized distributors to enable them to properly assist customers by properly describing the benefits and characteristics of various Revision products, avoid allergies or adverse reactions, and generally find the right Revision solution for their particular skin care needs.  Like the money-back guarantee described above, this product training and information is essential to protecting Revision's customer care experience and is integral to its brand.

20. Neither Skinmedix nor Mr. Kozol are or have ever been authorized distributors of Revision products.

21. Defendants, without authorization from Revision, have sold, and are continuing to sell, products bearing the Revision Trademarks on the Internet through their website www.skinmedix.com, and present those products as though they are new, first-quality goods indistinguishable in quality and character from those purchased through authorized channels.

22. The Revision products sold on the Skinmedix website are not, in fact, new, first quality goods indistinguishable in quality and character from those purchased through authorized channels.  To the contrary, they are materially different from Revision products purchased through authorized channels because they are sold without any of Revision's instructions, without access to Revision's customer service team, and without any of the warranties offered by Revision for products purchased through its authorized distributors.  Revision has sent

correspondence to Skinmedix and Mr. Kozol demanding they cease and desist their wrongful conduct, and those letters have been ignored by Defendants.

### Harm to Revision

23. Revision has suffered significant monetary damages from Defendants' actions including, but not limited to, loss of sales, trademark infringement, loss of goodwill, and damage to its existing and potential business relations.

24. Revision has suffered, and will continue to suffer, irreparable harm to its quality control procedures, the Revision Trademarks, its brand positioning and image and its business relationships with legitimate distributors. As a result of Defendants' actions, Revision's legitimate distributors are more likely to terminate their agreements.

25. Defendants' conduct was knowing, intentional, willful, malicious, and contrary to law.

26. Revision is entitled to injunctive relief because Defendants will continue to unlawfully sell Revision products in violation of its trademark and other legal rights, and cause irreparable harm to Revision's goodwill; and cause Revision and its authorized distributors to lose business.

### FIRST CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. § 1114

27. Revision re-alleges the allegations set forth in paragraphs 1-26 above, and incorporates each allegation herein by reference.

28. The Revision Trademarks are valid and subsisting trademarks in full force and effect.

29. Defendants willfully and knowingly used the Revision Trademarks in commerce with the sale of products on the Internet without the consent of Revision.

30. The use of the Revision Trademarks in connection with the unauthorized sale of products on the internet by Defendants was and is likely to cause confusion, cause mistake, or deceive because it suggests that the products offered for sale by Defendants are the same as the products legitimately bearing the Revision Trademarks, and originated from, or were sponsored, authorized, or otherwise connected with Revision.

31. The products sold by Defendants are not, in fact, genuine and authentic Revision products. The products sold by Defendants are materially different because, among other reasons, they were sold without any of Revision's skin care program instructions, any physician evaluation or monitoring, or any of the warranties offered by Revision through its legitimate chains of distribution.

32. Defendants' unauthorized sale of products bearing the Revision Trademarks infringed on the Revision Trademarks.

33. Defendants' unauthorized use of the Revision Trademarks infringed on the Revision Trademarks.

34. Defendants' unauthorized use of the Revision Trademarks has materially damaged the value of the Revision Trademarks, caused significant damages to Revision's business relations, infringed on Revision's trademarks, and put the public at risk of potential harm.

35. As a result, Revision has suffered damages including, but not limited to, loss of sales for the products sold by Defendants, trademark infringement, and damage to its existing and potential business relations.

36. Pursuant to 15 U.S.C. § 1117(a), Revision is entitled to an award of its damages, including its attorneys' fees.

## SECOND CAUSE OF ACTION
### False Advertising - Defendants
### 15 U.S.C. § 1125(a)

37. Revision re-alleges the allegations set forth in paragraphs 1-26 above, and incorporates each allegation herein by reference.

38. The Revision Trademarks are valid and subsisting trademarks in full force and effect.

39. Defendants willfully and knowingly used the Revision Trademarks in commerce with the sale and advertising of products without the consent of Revision.

40. The use of the Revision Trademarks in connection with the unauthorized sale and advertising of products by Defendants (including, without limitation, listings on skinmedix.com) was likely to cause confusion, cause mistake, or deceive because it falsely suggested that the products offered for sale by Defendants were genuine and authentic Revision products, and originated from, or were sponsored, authorized, or otherwise connected with Revision.

41. Defendants' false statements that the products they offered for sale are authentic and genuine Revision products are material, misleading, and deceptive.

42. Defendants' unauthorized sale of products bearing the Revision Trademarks, and unauthorized use of the Revision Trademarks in advertising, infringed the Revision Trademarks.

43. Defendants' unauthorized use of the Revision Trademarks infringed on the Revision Trademarks.

44. As a result, Revision has suffered damages including, but not limited to, loss of sales for products, lost profits, trademark infringement, and damage to its reputation and existing and potential business relations.

45. Pursuant to 15 U.S.C. § 1117(a), Revision is entitled to recovery of its damages, including an award of its attorneys' fees.

## THIRD CAUSE OF ACTION
### Unfair Competition - Defendants
### 15 U.S.C. § 1125(a)

46. Revision re-alleges the allegations set forth in paragraphs 1-26 above, and incorporates each allegation herein by reference.

47. The Revision Trademarks are valid and subsisting trademarks in full force and effect.

48. Defendants willfully and knowingly used the Revision Trademarks in commerce with the sale and advertising of products without the consent of Revision.

49. The use of the Revision Trademarks in connection with the unauthorized sale and advertising of products by Defendants was likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship, or approval of Revision products because it suggested that the products offered for sale by Defendants originated from, or were sponsored, authorized, or otherwise connected with Revision.

50. Defendants' unauthorized sale of products bearing Revision Trademarks, and unauthorized use of Revision Trademarks in advertising, materially damaged the value of the Revision Trademarks and caused significant damages to Revision's business relations.

51. Defendants' unauthorized sale of products bearing Revision Trademarks and unauthorized use of Revision Trademarks in advertising infringed on the Revision Trademarks.

52. As a result, Revision has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

53. Pursuant to 15 U.S.C. § 1117(a), Revision is entitled to recovery of its damages, including an award of its attorneys' fees.

**FOURTH CAUSE OF ACTION**
**Trademark Dilution**
**15 U.S.C. § 1125(c)**

54. Revision re-alleges the allegations set forth in paragraphs 1-26 above, and incorporates each allegation herein by reference.

55. The Revision Trademarks are valid and subsisting trademarks in full force and effect.

56. Revision is the owner of the Revision Trademarks, which are distinctive and widely recognized marks by the consuming public. Revision products are sold and purchased at major outlets domestically and internationally, as well as dispensed and recommended by physicians in the skin care industry.

57. Revision is widely recognized as the designated source of goods bearing the Revision Trademarks.

58. Defendants' willful use of the Revision Trademarks in connection with the unauthorized and illegal sale of their products diluted the Revision Trademarks because the products sold by Defendants are not, in fact, genuine and authentic Revision products.

59. As a result of Defendants' unlawful actions, the reputation of the Revision Trademarks was harmed and Revision suffered immediate and irreparable injury.

60. Further, Revision has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

61. Pursuant to 15 U.S.C. § 1117(a), Revision is entitled to recovery of its damages, including an award of its attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Revision prays for relief and judgment as follows:

A. Judgment in favor of Revision and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, punitive damages, liquidated damages, and pre-judgment and post judgment interest, as permitted by law;

B. Preliminary and permanent injunctions that issue enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

    i) Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, any and all Revision products, as well as any products bearing any of the Revision Trademarks;

    ii) Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of Revision's products, or any of the Revision Trademarks;

    iii) Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the Revision Trademarks which associate Revision's products or the Revision Trademarks with the Enjoined Parties or the Enjoined Parties' website;

    iv) Requiring the Enjoined Parties to take all action to remove the Revision Trademarks from the Internet, including from the website www.skinmedix.com;

      v)      Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Revision Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks.

C.      An award of attorneys' fees, costs, and expenses.

D.      Such other and further relief as the Court deems just, equitable and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: August 8, 2018

*/s/ Jamie Billotte Moses*
Jamie Billotte Moses, Esq.
Florida Bar No. 0009237
Holland & Knight LLP
200 South Orange Avenue, Suite 2600
Orlando, Florida 32801
(p) 407-244-5103; (f) 407-244-5288
Primary E-mail: jamie.moses@hklaw.com
Secondary E-mail: tonya.berger@hklaw.com
*Attorneys for Plaintiff*