UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REVISION SKINCARE, LLC,

    Plaintiff,

v.                                                Case No: 2:18-cv-550-FtM-99CM

AARON KOZOL and BRAND
HARMONIA, LLC,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Aaron Kozol's Motion to Dismiss First Amended Complaint (Doc. 19) and Revision Skincare, LLC's Response (Doc. 25). For the following reasons, the Court denies Kozol's Motion.

This is a trademark case. Revision develops and sells a line of skin-care products through a network of authorized distributors. (Doc. 16 at 3). Defendants Kozol and Brand Harmonia sell Revision products on their website, www.skinmedix.com, without authorization from Revision. (Doc. 16 at 5). Because of these sales, Revision has sued Defendants for infringing six federally registered trademarks, false advertising, unfair

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

competition, and trademark dilution. Kozol argues the claims against him should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When considering a Rule 12(b)(6) motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

The Amended Complaint is organized as a set of common jurisdictional and factual allegations, followed by four causes of actions. After alleging that Kozol is the sole member of Brand Harmonia and owns and operates its website, Revision refers to Kozol and Brand Harmonia collectively as "Defendants." Kozol argues that all four of Revision's claims against him should be dismissed, but he does not address the elements of any claim. Instead, he attacks the Amended Complaint's failure to allege that he "actively and knowingly caused the alleged infringement as a moving, conscious force" and argues that referring to Defendants collectively is "confusing." (Doc. 19 at 7). But Revision pled that

"Defendants willfully and knowingly used the Revision Trademarks" three times in the Amended Complaint. (Doc. 16 at ¶¶ 29, 39, 48). And it is appropriate to jointly plead against multiple defendants when, like here, claims are asserted against multiple defendants based on common factual allegations. See *Abbasi v. Bhalodwala*, 149 F. Supp. 3d 1372, 1376 (M.D. Ga. 2015). The Court does not find Revision's joint pleading to be confusing. Indeed, Brand Harmonia answered the First Amended Complaint without apparent difficulty.

The Court finds that Revision's First Amended Complaint states plausible claims against Kozol.

Accordingly, it is now

**ORDERED:**

Defendant Aaron Kozol's Motion to Dismiss First Amended Complaint (Doc. 19) is **DENIED**. Kozol is **ordered** to file an answer on or before **November 8, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of October, 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record